James A. McDevitt
United States Attorney
Eastern District of Washington
Stephanie J. Lister
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR-06-023-LRS |
| vs. | Plea Agreement |
| TIMOTHY W. HICKS, | |
| Defendant. | |

Plaintiff, United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Stephanie J. Lister, Assistant United States Attorney for the Eastern District of Washington, and Defendant TIMOTHY W. HICKS and the Defendant's counsel, Robert R. Fischer, agree to the following Plea Agreement:

1. Guilty Plea and Maximum Statutory Penalties:

The Defendant, TIMOTHY W. HICKS, agrees to plead guilty to Count 1 of the Indictment filed on March 7, 2006, charging the Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

The Defendant, TIMOTHY W. HICKS, understands that the charge contained in the Indictment is a Class (C) felony charge. The Defendant, TIMOTHY W. HICKS, also understands that the maximum statutory penalty for Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), is

Plea Agreement- 1
P60426JM.SLB.wpd

not more than 10 years; a fine not to exceed $250,000; a term of supervised release of up to life; and a $100 special penalty assessment.

The Defendant, TIMOTHY W. HICKS, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3. Waiver of Constitutional Rights:

The Defendant, TIMOTHY W. HICKS, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

Plea Agreement- 2
P60426JM.SLB.wpd

(a). The right to a jury trial;
(b). The right to see, hear and question the witnesses;
(c). The right to remain silent at trial;
(d). The right to testify at trial; and
(e). The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), the United States would have to prove beyond a reasonable doubt the following elements:

(a). First, on or about June 30, 2005 in the Eastern District of Washington, the Defendant, TIMOTHY W. HICKS, knowingly possessed material that contained images of child pornography, as charged;

(b). Second, that the material had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or that the material was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer; and

(c). Third, that at the time of such possession the Defendant believed that such images constituted child pornography.

Plea Agreement- 3
P60426JM.SLB.wpd

5. <u>Factual Basis and Statement of Facts:</u>

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for TIMOTHY W. HICKS's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On May 14, 2004, Detective John McGee of the Nassau County Police Department in New York, while acting in an undercover capacity of a 14 year old male child, and conducting undercover investigations of online sexual predators of children, came into contact in a chatroom entitled "boiz4men", under the AOL category of "Gay & Lesbian", with "Timbill54". "Timbill54" advised that he was an older gay man, and that he resided in Las Vegas.

Detective McGee in his undercover capacity communicated electronically through the internet, primarily via e-mail and instant messaging with "Timbill54." During the contact, "Timbill54" repeatedly disseminated indecent materials to the apparent minor that would be harmful to minors. He also sent the apparent minor links to pornographic web sites, and transmitted pornographic videos. The video images appear to depict teenage juvenile males engaged in different homosexual acts, or self stimulation.

Detective McGee in his undercover capacity communicated with "Timbill54" over a number of months, beginning on May 19, 2004, with the last contact occurring on May 3, 2005. During the May 3, 2005, "chat", "Timbill54" commented to the apparent minor that he would like to travel to Long Island to meet with him. There was talk about keeping it a secret and that "Timball54" would teach the apparent minor sexual things. Tentative plans to meet during the summer of 2005 were discussed. "Timbill54" asked the apparent minor if he still

Plea Agreement- 4
P60426JM.SLB.wpd

continued his "jerking off" advising the apparent minor that he needed to keep practicing and that "Timbill54" practices every day.

In Detective McGee's opinion, "Timbill54" began grooming the apparent minor, and assumed the role of his sexual teacher, in anticipation of an actual physical encounter. There were extensive conversations about meeting at a hotel in the Long Island, New York area, and similar arrangements. During the course of their conversations, "Timbill54" transmitted numerous indecent photographs of males engaging in various types of sexual activities, the contents of such being harmful to minors. Some of the photographs contained images of persons who appeared that they might have been children, under the age of 18, engaged in sexual acts. "Timbill54" forwarded to the apparent minor images of a penis that he claimed was his own.

The conversations between Detective McGee in his undercover capacity and "Timbill54", continued off and on from May 2004 through March of 2005.

Detective McGee served AOL with a subpoena for the identity of "Timbill54", and the response indicated that this particular internet identity was that of the following:

Timothy W. Hicks
PO Box 222
Mansfield, WA 98830

A booking photograph of TIMOTHY HICKS from the Chelan County Regional Justice Center was compared with a photograph provided by "Timbill54" to the undercover detective. It was determined by FBI that they are one and the same person.

On June 16, 2005, S/A Floyd contacted Tom Spoonmore, subscriber to PO Box 222, Mansfield, Washington. Spoonmore advised that approximately in the month of June of 2003, TIMOTHY HICKS was residing in Las Vegas, Nevada, and Spoonmore went to pick him up, and bring HICKS back to Mansfield, WA. Spoonmore located HICKS in North Las Vegas, Nevada, near Lake Mead Blvd,

Plea Agreement- 5
P60426JM.SLB.wpd

living with individuals that impressed Spoonmore as being homosexuals. Spoonmore transported HICKS, and all of HICKS' belongings, in a U-Haul trailer, back to Mansfield, Washington. HICKS then moved in with his aunt.

Since returning to Mansfield, WA, according to Spoonmore, HICKS has resided with his Aunt, with the exception of two months during the fall of 2004, when HICKS traveled back to Las Vegas, and that HICKS is currently residing with his Aunt in Mansfield, Washington.

Between the summer of 2003 and the summer of 2004, Spoonmore allowed HICKS to use a computer connected to Spoonmore's telephone line, allowing HICKS internet access. Spoonmore stated that HICKS was only supposed to use the computer for a couple of hours daily, but was usually on the computer the entire day, occupying Spoonmore's telephone line. During the fall of 2004, Spoonmore discontinued allowing HICKS the use of the telephone line. It was also during this period that HICKS used Spoonmore's PO Box 222, Mansfield, Washington.

On June 23, 2005, FBI S/A Floyd obtained a search warrant for the residence on 16 N.W. Road H., Mansfield, Washington. The search warrant was executed on June 30, 2005 and the FBI seized a computer and two hard drives from the Defendant's residence. A forensic review of the hard drives established that Hicks was in possession of over 150 images of child pornography, some of the images were of children under 12, some are sadistic. Review of the images sent by Hicks to the undercover agent also included at least one photograph of a child under the age of 12.

6. <u>The United States Agrees</u>:

(a.) <u>Dismissals</u>:

At the time of sentencing, the United States agrees to move to dismiss Count 2 of the Indictment, which charges the Defendant with Coercion and Enticement, in violation of 18 U.S.C. § 2422(b).

Plea Agreement- 6
P60426JM.SLB.wpd

(b.) <u>Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

7.  <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

(a.) <u>Base Offense Level</u>:

The United States and the Defendant agree that the base offense level for Possession of Child Pornography is 18. <u>See</u> U.S.S.G. § 2G2.2(a)(1).

(b.) <u>Specific Offense Characteristics</u>:

The United States and the Defendant also agree and stipulate that the base offense is increased by and additional two (2) levels because the material involved a minor who had not attained the age of 12 years. <u>See</u> U.S.S.G. § 2G2.2(b)(2). The United States and the Defendant also agree and stipulate that the base offense is increased by an additional four (4) levels because the offense involved material that portrays sadistic or masochistic conduct. <u>See</u> U.S.S.G. § 2G2.2(b)(4). The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the use of a computer. <u>See</u> U.S.S.G. § 2G2.2(b)(6). The United States and the Defendant also agree and stipulate that the base offense is increased by an additional three (3) levels because the offense involved at least 150 images. <u>See</u> U.S.S.G. § 2G2.2(b)(7)(B).

(c.) <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than November 16, 2006, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level would be 26 with a sentencing guideline range of 63-78 months.

(d.) <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

Plea Agreement- 8
P60426JM.SLB.wpd

8. <u>Departures</u>:

There are no aggravating or mitigating factors with respect to the correct calculation of the Sentencing Guidelines. The United States and the Defendant agree that they will not seek either an upward or a downward departure from the applicable Guidelines. Additionally, the Defendant agrees not to seek a sentence below the advisory guideline range by way of a 18 U.S.C. § 3553(a) factors analysis.

9. <u>Incarceration</u>:

The United States and the Defendant agree to recommend that the Court impose a sentence at the low end of the applicable sentencing guideline range.

10. <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

11. <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a 3 year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release: (1) that the Defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer, this includes prohibiting the Defendant from having any contact with any child by telephone or the internet. The Defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer; (2) that the Defendant allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the Defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The Defendant shall

not possess or use any data encryption technique or program. The Defendant shall purchase and use such hardware and software systems that monitor the Defendant's computer usage, if directed by the Probation Officer; (3) that the Defendant shall not reside or loiter within 1000 feet of places where children under the age of 18 congregate, which includes primary and secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades; (4) that the Defendant shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. § 2256(2). The Defendant shall not enter or be present at any establishment involved in the sex industry, including adult book stores, message parlors, escort services, and strip bars. The Defendant shall not use any sex-related adult telephone number. The Defendant shall provide all his telephone records to monitor compliance, at the direction of the Probation Officer; (5) that the Defendant register as a sex offender, according to the laws of each state in which the Defendant resides, is employed, or is attending school. The Defendant shall provide verification of compliance with this requirement to the Probation Officer; (6) that the Defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and completion of the ABEL assessment, at the direction of the Probation Officer; (7) that the Defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability.

12. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14. <u>Abandonment of Computer Equipment</u>:

The Defendant agrees to voluntarily forfeit, abandon and relinquish all right, title and interest in all the computer equipment, disks, peripherals, cameras and other items seized on June 23, 2005, to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture.

15. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16. <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance

of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

17. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

James A. McDevitt
United States Attorney

_____  11/17/06
Stephanie J. Lister                 Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened

Plea Agreement- 12
P60426JM.SLB.wpd

or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____          _11-16-06_
TIMOTHY W. HICKS                              Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____          _11/16/06_
Robert R. Fischer                                      Date
Attorney for the Defendant

Plea Agreement- 13
P60426JM.SLB.wpd